UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GONZALEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No.  1:20-cv-00590-HBK (SS)<br><br>ORDER REVERSING COMMISSIONER'S FINAL DECISION AND REMANDING BASED ON PARTIES' STIPULATION UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>(Doc. No. 14) |

Pending before the Court is the parties' Stipulation for Voluntary Remand pursuant to Sentence Four of 42 U.S.C. § 405(g) filed December 3, 2020. (Doc. No. 14). Plaintiff Francisco Gonzalez and the Commissioner of Social Security jointly stipulate to a remand of this case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

The United States Supreme Court held that the Social Security Act only permits remand in conjunction with a judgment either affirming, reversing, or modifying the Secretary's decision. *See Melkonyan v. Sullian*, 501 U.S. 89, 97-98 (1991) (addressing issue of attorney's fees under the Equal Access to Justice Act and calculating deadline using date of final judgment). In *Melkonyan*, the Court recognized 42 U.S.C. § 405(g) contemplates only two types of remands: either a sentence four or a sentence six remand. *Id.* at 98. A sentence four remand authorizes a court to enter "a

judgment affirming, modifying, or reversing the decision of the Secretary, with or without resetting the cause for a rehearing." *Id.* at 98 (other citations omitted). And when a sentence four remand does not include this language, it is unclear whether a sentence four or a sentence four is remand is at issue. *Id.* (noting because the "affirming, reversing, or modifying" language was absent from the district court order, the parties agreed, and the Supreme Court found, that the district court did not intend a sentence 4 remand). In contrast, in a remand under the sentence six of 42 U.S.C. § 405(g), "[t]he district court does not affirm, modify or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because *new evidence* has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id.* (emphasis added). Under a sentence six remand, the Secretary "must return to the district court to 'file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.'" *Id.* A sentence six remand further requires the petitioner to demonstrate a showing of good cause as to why the evidence was not presented in the prior proceeding, *id.* at 99, or the parties may stipulate to good cause.

Here, the parties' stipulation and proposed order seek remand under sentence four and reversal of the Commissioner's final decision. *See* Doc. No. 14 at 2. The parties further stipulate that the Appeals Counsel will remand the case to an administrative law judge "to reevaluate the medical evidence, including, but not limited to, all medical-source opinion evidence concerning physical and mental impairments, and explain the weight given to the opinion evidence." *Id.* Further, the ALJ shall "further evaluate whether Plaintiff has the residual functional capacity to perform his past relevant work and, if appropriate, obtain supplemental vocational expert testimony to assist in determining what jobs exist, if any, for Plaintiff given his vocational factors (age, education, and work experience) and residual functional capacity." *Id.* Finally, the ALJ shall "take further action, as warranted, to complete the administrative record and resolve the above issues." *Id.*

**Accordingly**:

1. Pursuant to the parties' Joint Stipulation (Doc. No. 14), the Commissioner of Social Security's final decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with the parties' Stipulation and this Order under sentence four, 42 U.S.C. § 405(g).

2. The Clerk shall enter judgment and close this case.

IT IS SO ORDERED.

Dated:   January 9, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE